100 F.3d 98
 96 Cal. Daily Op. Serv. 8151, 96 Daily Journal
D.A.R. 13,537,
96 Daily Journal D.A.R. 14,765
UNITED STATES of America, Plaintiff-Appellee,
v.
Rolando LOPEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Josefa FUENTES, Defendant-Appellant.
 Nos. 92-50137, 92-50145.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Oct. 1, 1996*.
Decided Nov. 8, 1996.
As Amended Dec. 10, 1996.
 
 Joseph F. Walsh, Los Angeles, CA, for defendant-appellant Rolando Lopez.
 Robin R. Scroggie, Los Angeles, CA, for defendant-appellant Josefa Fuentes.
 Steven M. Arkow, Assistant United States Attorney, Los Angeles, CA, for plaintiff-appellee.
 On Remand from the Supreme Court of the United States. D.C. No. CR-91-909-MLR.
 Before FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 O'SCANNLAIN, Circuit Judge:
 
 
 1
 We must decide whether the convictions for using or carrying a firearm during and in relation to a drug trafficking crime can stand in light of Bailey v. United States, --- U.S. ----, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and jury instructions which misdescribed an element of the offense.
 
 
 2
 * This court affirmed the convictions and sentences of Rolando Lopez and Josefa Fuentes on five counts: conspiracy to distribute 270 grams of heroin in violation of 21 U.S.C. § 846 (count one); distributing twenty-five grams of heroin in violation of 21 U.S.C. § 841(a)(1) (count two);[1] possession with intent to distribute 270 grams of heroin in violation of 21 U.S.C. § 841(a)(1) (count three); using and carrying a super semi-automatic .38 caliber pistol on October 16, 1991 during and in relation to a drug trafficking crime--possession with intent to distribute--in violation of 18 U.S.C. § 924(c) (count four); and using and carrying a super semi-automatic .38 caliber pistol and loaded AK-47 rifle on October 16, 1991 during and in relation to a drug trafficking crime--conspiracy to possess heroin with intent to distribute--in violation of 18 U.S.C. § 924(c) (count five). United States v. Lopez-Fuentes, 37 F.3d 565 (9th Cir.1994).[2]
 
 
 3
 The Supreme Court of the United States vacated that opinion and remanded the case for reconsideration in light of Bailey.[3] The Court held that a defendant cannot be convicted under 18 U.S.C. § 924(c)(1) for "using" a firearm unless the defendant "actively employs" the firearm. Bailey, --- U.S. at ----, 116 S.Ct. at 506. Lopez and Fuentes argue that their firearms convictions cannot stand in light of Bailey, both because there is insufficient evidence that they used or carried the firearms, and because the jury instructions defining "using or carrying" were improper.
 
 II
 
 4
 We first address Lopez' and Fuentes' arguments concerning the validity of their firearms convictions in light of Bailey.
 
 
 5
 * Lopez and Fuentes first argue that there is not sufficient evidence to support their convictions on count four for using or carrying a pistol during and in relation to their possession with intent to distribute heroin in violation of 18 U.S.C. § 924(c).[4] Lopez and Fuentes maintain that they did not "use" or "carry" the firearm in question, because they never actively employed the pistol during and in relation to the crime. We disagree.
 
 
 6
 In deciding whether the evidence is sufficient to support Lopez' and Fuentes' convictions for carrying the firearm, we must review the evidence in the light most favorable to the prosecution and ask whether any rational trier of fact could have found the "carrying" element beyond a reasonable doubt.[5] Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); United States v. Vgeri, 51 F.3d 876, 879 (9th Cir.1995). In United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996), our first post-Bailey decision to discuss the issue, we held that in order to convict a defendant under section 924(c) for "carrying" a firearm "the defendant must have transported the firearm on or about his or her person. This means the firearm must have been immediately available for use by the defendant." Id. at 1258 (emphasis added) (citing United States v. Riascos-Suarez, 73 F.3d 616, 623 (6th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 136, 136 L.Ed.2d 84, (1996)); see also United States v. Willett, 90 F.3d 404, 407 (9th Cir.1996) ("Willett was 'carrying' a gun because he transported it 'within reach and immediately available for use.' "). When viewed in the light most favorable to the prosecution, the evidence was clearly sufficient to allow a rational trier of fact to convict Lopez and Fuentes on this definition of carrying.[6]
 
 
 7
 The evidence showed that Lopez and Fuentes drove in their Ford Explorer to a Burger King parking lot to conduct a prearranged drug sale with undercover Drug Enforcement Agency ("DEA") agents. After Lopez and Fuentes sold the drugs to the agent, they were arrested, and the truck was searched. Agents found a loaded .38 caliber super semi-automatic pistol inside Fuentes' purse. The purse was on the front passenger seat, within easy reaching distance of Lopez and Fuentes, and less than a foot away from the 270 grams of heroin.
 
 
 8
 This evidence is sufficient to prove beyond a reasonable doubt that Fuentes transported the gun about her person in her purse. Because the district court gave the jury a proper Pinkerton[7] instruction and informed the jury that each coconspirator was vicariously liable for all acts taken by the other conspirator in furtherance of the conspiracy, we hold that the evidence was sufficient to support Lopez' conviction under section 924(c). Cf. United States v. Pimentel, 83 F.3d 55, 58-59 (2nd Cir.1996) (finding evidence sufficient to support section 924(c) conviction because proper Pinkerton instruction given); United States v. Fike, 82 F.3d 1315, 1328 (5th Cir.1996) (same).
 
 B
 
 9
 Lopez and Fuentes next argue that there is no evidence to support their convictions on count five for using or carrying a pistol and a rifle during and in relation to the crime of conspiracy to possess heroin with intent to distribute in violation of 18 U.S.C. § 924(c). After Lopez and Fuentes were arrested in the Burger King parking lot when they met with two informants to consummate the drug sale, the agents went to the residence of Lopez and Fuentes and found one gram of heroin and a loaded .38 caliber semi-automatic pistol in the top drawer of the dresser. Agents also found a loaded AK-47 assault rifle in the trash can in the front yard of the residence. In light of Bailey, the government concedes that the evidence is not sufficient to support the convictions on count five. We agree with the government that the convictions on count five must be reversed.
 
 C
 
 10
 In light of its recommendation to vacate both the convictions and the twenty-year sentences on this count, the government maintains that Lopez and Fuentes should be resentenced and subjected to a two-level enhancement to their base offense level calculated for counts one (conspiracy to distribute heroin) and three (possession of heroin with intent to distribute) based on their possession of the two loaded firearms found in their residence, pursuant to U.S.S.G. § 2D1.1(b)(1).[8] We agree with the government that remanding the case for resentencing would permit a sentence that appropriately reflects the enhanced danger posed when a defendant possesses a loaded firearm while engaged in drug trafficking. See 28 U.S.C. § 2106.
 
 
 11
 The government may "ask the court of appeals to exercise its discretion under § 2106" to order resentencing on the counts of a defendant's sentence that were affirmed. United States v. Minor, 846 F.2d 1184, 1189 (9th Cir.1988). Here, counts one and three were affirmed in our previous disposition. However, where a sentence under Chapter 2 of the United States Sentencing Guidelines is imposed in conjunction with a sentence for an underlying offense (e.g., possession of heroin with intent to distribute), no specific offense characteristic for the possession, use, or discharge of a firearm (e.g., § 2D1.1(b)(1)) may be applied in respect to the guideline for the underlying offense. See U.S.S.G. § 2k2.4 application note 2. In light of our decision to reverse Lopez' and Fuentes' convictions on count five, however, this double counting concern is eliminated on count one (conspiracy to distribute heroin) and it is appropriate to remand to the district court to allow it to resentence Lopez and Fuentes. See, e.g., United States v. Thomas, 93 F.3d 479, 488 (8th Cir.1996) (vacating § 924(c) conviction and remanding for reconsideration of a two level increase under U.S.S.G. § 2D1.1(b)(1)); United States v. Clements, 86 F.3d 599, 600-01 (6th Cir.1996) (same); United States v. Lang, 81 F.3d 955, 963 (10th Cir.1996) (same); United States v. Fennell, 77 F.3d 510, 510-11 (D.C.Cir.1996) (per curiam) (same).
 
 
 12
 We therefore affirm the sentence on count three and remand count one to the district court, which should consider whether a sentence enhancement under U.S.S.G. § 2D1.1(b)(1) is warranted.
 
 III
 
 13
 Finally, Lopez and Fuentes argue that even if the evidence was sufficient to support their convictions on count four for carrying the firearm, the convictions should be vacated because the jury instructions defining the term "use or carry" were erroneous. To the extent the jury instructions did not restrict "use" to active employment of a firearm, the government concedes that the instructions were erroneous. However, the government asserts that even if the instructions were improper, the convictions should nonetheless be affirmed, regardless of whether harmless or plain error review is applied. We agree.
 
 
 14
 We are satisfied that the jury instructions given on the "use or carry" element were flawed. The jury was instructed that
 
 
 15
 [t]he phrase "use or carry a firearm" means having a firearm available to assist or aid in the commission of a crime alleged in counts one and three of the indictment.... The government is not required to show that a defendant actually displayed or fired the weapon. The government is required, however, to prove beyond a reasonable doubt that the firearm was in the defendants' possession or under the defendants' control at the time that a drug trafficking crime was committed as alleged.... Finding that a defendant used or carried a firearm under 18 U.S.C. Section 924(c) does not require proof that the defendant had actual possession of the weapon, was near the weapon, displayed the weapon, or used the weapon in any affirmative manner.
 
 
 16
 These instructions failed properly to define "carry" in light of Hernandez, 80 F.3d at 1258 (holding that "carry" connotes "immediately available for use" rather than merely "available to assist or aid," and consists of transporting the firearm "on or about " the person, rather than being merely in "proximity") (emphasis added).[9] First, the instructions improperly conflate the terms "carry" and "use." See, e.g., Pimentel, 83 F.3d at 59; Spring, 80 F.3d at 1466. Second, to the extent the instructions define "use," they contain no requirement of "active employment," and thus conflict with Bailey. Third, to the extent the instructions define "carry," they do not advise the jury that carry connotes "immediately available for use" and "consists of transporting the firearm on or about the person." Accordingly, the instructions on "use or carry" element are improper.
 
 
 17
 In such circumstances, we must apply harmless error review to the "carrying" prong on these facts. United States v. Keys, 95 F.3d 874, 880 (9th Cir.1996) (en banc).[10] In Roy v. Gomez, 81 F.3d 863 (9th Cir.1996) (en banc), we stated that the proper harmless error test to be applied on direct review of cases involving jury instructions that misdescribe an element of the offense is that outlined in Justice Scalia's concurring opinion in Carella v. California, 491 U.S. 263, 267-73, 109 S.Ct. 2419, 2421-24, 105 L.Ed.2d 218 (1989) (Scalia, J., concurring).[11] See Roy, 81 F.3d at 866 & 867 n. 4; id. at 869 (Wallace, J., dissenting) ("the Carella concurrence explained how the Chapman v. State of Cal., 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) harmless-error test is to be applied on direct appeal when the error involves a jury instruction"). Under that test, "the omission [or misdescription] is harmless only if review of the facts found by the jury establishes that the jury necessarily found the omitted [or misdescribed] element." Roy, 81 F.3d at 867 (emphasis in original). Roy noted that the test is based on the fundamental premise that appellate courts
 
 
 18
 are not free to evaluate the evidence and postulate what the jury would have found if it had been properly instructed. "[T]he question is not whether guilt may be spelt out by a record, but whether guilt has been found by a jury according to the procedure and standards appropriate for criminal trials."
 
 
 19
 Id. at 867 (quoting Carella, 491 U.S. at 269, 109 S.Ct. at 2422) (emphasis in Roy ); see also Gaudin, 28 F.3d at 951 ("Harmless error analysis focuses on the basis which the jury actually rested its verdict.") (citations omitted) (emphasis added). As explained by Justice Scalia, the test is also based on the premise that
 
 
 20
 [w]hen the ... facts necessarily found by the jury[ ] are so closely related to the ultimate fact to be presumed that no rational jury could find those facts without also finding that ultimate fact, making those findings is functionally equivalent to finding the element required to be presumed. The error is harmless because it is "beyond a reasonable doubt" that the jury found the facts necessary to support the conviction.
 
 
 21
 Carella, 491 U.S. at 271, 109 S.Ct. at 2423-24 (Scalia, J., concurring) (quoting Chapman, 386 U.S. at 24, 87 S.Ct. at 828).
 
 
 22
 In this case, the instructional error with respect to the "carry" element amounts to a "misdescription" of that element. Accordingly, the error is harmless only if review of the facts actually found by the jury establishes that the jury necessarily found the misdescribed element, i.e. only if the jury necessarily found that Lopez or Fuentes transported the firearm "on or about" his or her person such that the firearm was "immediately available for use." Hernandez, 80 F.3d at 1258. In determining what the jury actually and necessarily found, we "should examine those parts of the record relevant to these inquiries." Hart v. Stagner, 935 F.2d 1007, 1011 (9th Cir.1991) (applying Carella ).
 
 
 23
 As noted above, the jury in this case was instructed that "use or carry" means "having a firearm available to assist or aid in the commission of a crime." The jury was told that to establish this element, the government had to prove beyond a reasonable doubt that the firearm was "in the defendants' possession or under the defendants' control at the time that a drug trafficking crime was committed as alleged." Because the jury convicted Lopez and Fuentes on the basis of these instructions, the jury necessarily found that the firearm in Fuentes' purse on the front passenger seat of Lopez' and Fuentes' truck was "in the defendants' possession or under the defendants' control at the time that a drug trafficking crime was committed as alleged."[12] We conclude that in doing so, the jury also necessarily found that either Lopez or Fuentes transported the firearm "on or about" his or her person such that the firearm was "immediately available for use." The firearm in this case was found in Fuentes' purse on the front passenger seat, within reaching distance of Lopez and Fuentes and less than a foot away from the 270 grams of heroin. Quite simply, no rational jury could have found that the pistol was "in the defendants' possession or under their control" without also necessarily finding that either Lopez or Fuentes "carried" the firearm (in the purse) to the truck. See, e.g., Roy, 81 F.3d at 867 ("The error is harmless if no rational jury would have made these findings without also finding [the challenged element].") (quoting Martinez, 937 F.2d at 425); Hart, 935 F.2d at 1012-13 (finding instructional error harmless under Carella because "considering the predicate facts the jury must have found to convict Hart under the instructions it was given, the jury must have necessarily found the element on which the jury instructions were incorrect").[13]
 
 
 24
 It is, of course, theoretically possible that the jury could have found that the firearm in the truck was in Lopez' or Fuentes' possession or under their control without also finding that one of them carried the firearm to the truck. However, nothing in the record even remotely suggests that the jury convicted Lopez or Fuentes on the basis of such an implausible factual scenario. The mere fact that the jury theoretically could have convicted Lopez or Fuentes without finding the misdescribed element is insufficient to preclude a finding of harmlessness when a review of the factual circumstances establishes that the jury, in making the factual findings which it actually made, necessarily found the misdescribed element. See United States v. Maloney, 71 F.3d 645, 658 (7th Cir.1995) (concluding that an instructional error was harmless under Carella test because "[a]lthough in theory a jury under this instruction could convict an individual for obstruction of justice without any evidence of a pending judicial proceeding, the factual circumstances of this case suggest that the actual verdict was not so influenced.") (citing United States v. Parmelee, 42 F.3d 387, 393 (7th Cir.1994), cert. denied, --- U.S. ----, 116 S.Ct. 63, 133 L.Ed.2d 25 (1995)).
 
 
 25
 Accordingly, we hold that the error in the jury instructions with respect to the "carry" element was harmless.
 
 IV
 
 26
 For the foregoing reasons, Lopez' and Fuentes' convictions on count four are affirmed, their convictions on count five are reversed, count one is remanded for discretionary resentencing and the sentence on count three is affirmed.
 
 
 27
 AFFIRMED in part, REVERSED in part and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. 34(a) and Ninth Cir. R. 34-4
 
 
 [1]
 Only Fuentes was charged and convicted for distributing 25 grams of heroin in violation of 21 U.S.C. § 841(a)(1)
 
 
 [2]
 The full statement of facts can be found in Lopez-Fuentes, 37 F.3d at 567-68. We draw from that section of our previous disposition for the salient facts
 
 
 [3]
 As noted in United States v. Garcia, 77 F.3d 274 (9th Cir.1996), we had consistently held prior to Bailey that "possession of a gun is enough to support a conviction under section 924(c)(1) if the jury could reasonably infer that the possessed gun could have played a role in the crime." Id. at 277 (citations omitted). Bailey's contrary rule clearly constitutes a "new rule for the conduct of criminal prosecutions" in this circuit. Cf. United States v. Lang, 81 F.3d 955, 962 (10th Cir.1996) ("Bailey announces a new rule of criminal law.")
 
 
 [4]
 Section 924(c)(1) imposes additional penalties on a defendant who "during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm."
 
 
 [5]
 The government properly notes that the Bailey Court recognized that "[t]he 'carry' prong of § 924(c)(1) ... brings some offenders who would not satisfy the 'use' prong within the reach of the statute." Bailey, --- U.S. at ----, 116 S.Ct. at 509. Accordingly, the government restricts its analysis to the "carry" prong. We do so as well
 
 
 [6]
 We have recently held that "a defendant can 'carry' a firearm in an automobile." United States v. Staples, 85 F.3d 461, 464 (9th Cir.1996) ("Staples carried the firearm under Hernandez. The firearm was in the glove compartment, and thus 'about' his person, within reach and immediately available for use."). Cf. United States v. Fike, 82 F.3d 1315, 1328 (5th Cir.1996) ("In placing a gun under the driver's seat of a car, then driving the car to another location, one has carried the gun according to the Webster's definition."); United States v. Ramirez-Ferrer, 82 F.3d 1149, 1153-54 (1st Cir.1996) (a gun in a moving boat which is readily accessible is "carried" under § 924(c))
 
 
 [7]
 Pinkerton v. United States, 328 U.S. 640, 648-49, 66 S.Ct. 1180, 1184-85, 90 L.Ed. 1489 (1946)
 
 
 [8]
 " § 2D1.1(b)(1) provides an enhancement for a person convicted of certain drug-trafficking offenses if a firearm was possessed during the offense." Bailey, --- U.S. at ----, 116 S.Ct. at 509
 
 
 [9]
 Similar definitions of "carry" have been adopted recently by a number of other circuit courts. See, e.g. United States v. Ramirez-Ferrer, 82 F.3d 1149, 1152 (1st Cir.1996) ("Our decision in [United States v. Manning, 79 F.3d 212 (1st Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 147, 136 L.Ed.2d 93 (1996) ] limits the construction of 'carry' to situations in which the 'firearm' has been 'moved' or 'brought along to another place,' since all three parts of the definition adopted there contains this element of transportation.") (also citing Hernandez); United States v. Spring, 80 F.3d 1450, 1465 (10th Cir.1996) ("carrying" element "involv[es] two elements: possession of the weapon through the exercise of dominion or control; and transportation of the weapon") (citing Hernandez), cert. denied, --- U.S. ----, 117 S.Ct. 385, 136 L.Ed.2d 302 (1996); United States v. Moore, 76 F.3d 111, 113 (6th Cir.1996) ("carry" means "immediate availability and physical transportation") (citing Riascos-Suarez, 73 F.3d at 623)
 
 
 [10]
 Even though Lopez' counsel did not object contemporaneously to the trial court's instruction, this court reviews for reversible error, rather than plain error. United States v. Keys, 95 F.3d 874, 880 (9th Cir.1996). "[W]hen faced with a 'solid wall of circuit authority' endorsing a jury instruction, no objection to that instruction need be registered in the trial court to preserve the point on appeal should that 'solid wall' suddenly crumble in the interim and render the instruction defective." Id. at 878. Fuentes is in a different position than Lopez, because she did in fact object to the jury instructions. Fuentes argued that the instructions were inadequate "because the jury could have convicted her on the basis of the mere presence of a firearm, which is impermissible." Lopez-Fuentes, 37 F.3d at 568. Therefore, plain error analysis would not have been applied in her case in any event
 
 
 [11]
 The Supreme Court recently rejected the Ninth Circuit's strict "harmless error" standard in habeas corpus proceedings. California v. Roy, --- U.S. ----, 117 S.Ct. 337, 136 L.Ed.2d 266 (1996). Here, the Chapman harmless error test is applied on direct appeal. The Supreme Court's per curiam opinion vacating Roy v. Gomez, 81 F.3d 863 (9th Cir.1996) (en banc), setting forth the appropriate standard, and remanding the case for further proceedings is inapplicable on these facts
 
 
 [12]
 In Roy, we pointed out that the Chapman and Carella tests "can be met only if the reviewing court can tell what the jury actually found, since only then can the court conclude beyond a reasonable doubt that the jury found the facts necessary to support the conviction." Roy, 81 F.3d at 868 (citations omitted). This requirement is satisfied here, because in convicting Lopez and Fuentes on the basis of these instructions, the jury necessarily "actually found" that the weapons were "in the defendant's possession or under the defendant's control at the time the drug trafficking crime was committed as alleged."
 
 
 [13]
 Because this court can tell from the record what the jury actually and necessarily found, the Carella harmless error analysis may be applied to its logical conclusion. Keys, 95 F.3d at 881 ("If a reviewing court cannot tell what the jury actually found, because there are no findings from which a reviewing court could conclude that the jury necessarily found the omitted element, then the Carella harmless error analysis ends and reversal is required.") (citations omitted)