Michael HOLMES

v.

U.S.A.

UNITED STATES of America

v.

Michael HOLMES.

Civil Action No. 96–6931.
Criminal Action No. 92–403–2.

United States District Court,
E.D. Pennsylvania.

Dec. 17, 1996.

Michael Holmes, White Deer, PA, pro se.

Richard P. Barrett, U.S. Attorney's Office, Philadelphia, PA, for U.S.

## MEMORANDUM AND ORDER

KATZ, District Judge.

Defendants Michael Holmes and codefendant Steven Thompson robbed the Bell Savings/Meridian Savings Bank. Steven Thompson entered the bank, pointed a gun and said, "Don't move or I'll blow you away." In the meantime, defendant Michael Holmes entered the bank and ordered everyone to get down on the floor. Thompson took the money and put it into a bag held by defendant Holmes. Holmes then moved to another teller's window and took additional money. Defendants Holmes and Thompson fled. They were captured a short time later. The police seized a handgun from the defendants' getaway car. Holmes and Thompson were subsequently identified by bank employees.

Defendant Holmes was convicted of conspiracy, bank robbery, armed bank robbery, and using and carrying a firearm during the commission of a violent felony. Holmes was sentenced in accordance with the career offender provision of the Sentencing Guidelines. This court imposed on Holmes an additional 60 months consecutive prison sentence for the 924(c)(1) conviction.

Defendant Holmes appealed this court's sentence, arguing that the career offender provision was unconstitutional. The Third Circuit affirmed this court's sentence.

Defendant/petitioner Michael Holmes now files a motion to vacate his conviction for using and carrying a firearm during and in relation to the armed robbery of a bank, in violation of Title 18, United States Code, Sections 924(c)(1) and 2. Holmes argues that his conviction for those offenses cannot

be sustained in view of the United States Supreme Court's decision in *Bailey v. United States,* — U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Holmes' argument is without merit.

In *Bailey,* the Supreme Court held that a conviction pursuant to 18 U.S.C. Section 924(c)(1) for use of a firearm during a drug crime cannot be sustained if the firearm was merely accessible to the drug dealer. The Court ruled that 924(c)(1) requires evidence sufficient to show that a defendant actively employed the weapon in relation to the predicate drug offense. *Id.* at ——, 116 S.Ct. at 509.

Holmes' reliance on *Bailey* is misplaced. The defendants employed the firearm as an instrument of intimidation; the firearm was held against a bank employee, accompanied by a clear message that it would be used if the bank employees did not comply with defendants' demands.

Holmes also contends in his affidavit that he cannot be guilty of the 924(c) offense because it was his codefendant who carried the firearm during the bank robbery. In *United States v. Lopez,* 100 F.3d 98, 101 (9th Cir.1996), the court held that *Bailey* did not change the law of conspiracy liability. A defendant who did not carry a gun, nevertheless, could be convicted of 924(c) if his coconspirator carried the firearm during the commission of a drug trafficking crime. *Id.* at 101 (*citing Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)).

*Bailey* did not alter the law on accomplice liability. Holmes remains criminally liable for using or carrying the firearm pursuant to the *Pinkerton* doctrine.