107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Grey HENRY, aka: Richard G. Henry, Defendant-Appellant.
 No. 96-55803.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Grey Henry, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction for attempted bank robbery (18 U.S.C. § 2113(a)) and using or carrying a firearm during and in relation to the crime of attempted bank robbery (18 U.S.C. § 924(c)). We review de novo a district court's decision on a section 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Henry contends that his section 924(c) conviction must be reversed for lack of sufficient evidence in light of Bailey v. United States, 116 S.Ct. 501 (1995). This contention lacks merit because Henry admitted at trial that he openly carried a gun as he was approaching the bank and that he did so with the intention of causing fear amongst the bank employees. See id. at 508 (explaining that the term "active employment" includes "displaying" the firearm). In addition, a bank camera photograph introduced at trial shows Henry carrying the gun in his hand in front of the bank. Accordingly, there was sufficient evidence to convict Henry of using or carrying a firearm. See id.; see also United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996) ("carry" prong of section 924(c) satisfied when defendant transports firearm on or about his or her person).
 
 
 4
 Henry next contends that his section 924(c) conviction should be vacated on the grounds that the jury instructions defining the term "use or carry" were erroneous. We disagree.
 
 
 5
 The instructions given in Henry's case were very similar to those we recently reviewed in United States v. Lopez, 100 F.3d 98 (9th Cir.1996), amended by, 1996 WL 708606 (9th Cir. Nov. 8, 1996). In Lopez, we concluded that the instructions misdescribed the "use or carry" element, see id. at 103, but determined that the error was harmless because the jury necessarily found the misdescribed element. See id. at 105. The record in Henry's case compels us to the same conclusion. Given Henry's undisputed testimony that he openly held the gun as he was approaching the entrance to the bank, no rational jury could have found that the gun was available to Henry without necessarily finding that he at least "carried" the gun during the attempted robbery. See id. at 104-05.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3