113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice PRICE, Defendant-Appellant.
 No. 96-10107.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1997.
Decided April 29, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-94-5359-EDP; Edward D. Price, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED IN PART, REVERSED IN PART.
 Before: HUG, Chief Judge; THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maurice Price was convicted of three counts of attempted sale, distribution, and possession of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was also convicted of a fourth count of using a firearm in the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Price to 270 months in prison (210 months, the maximum sentence within the guidelines for counts one through three, plus the mandatory 60 month add-on for the weapons charge). Price appeals his conviction and sentence.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291. We affirm Price's sentence, except for the 60-month add-on for the 18 U.S.C. § 924(c) offense. We reverse Price's conviction of that crime because of an error in the district court's instructions to the jury, and we remand for resentencing.
 
 I. Jury Instruction
 
 4
 The jurors requested clarification of "use of a firearm" as applied under 18 U.S.C. § 924(c). The court instructed the jury:
 
 
 5
 If a firearm was within the possession or control of a defendant and the circumstances are such that the firearm facilitated or had a role in the crime such as emboldening the defendant who had an opportunity or ability to display or discharge the weapon to protect himself, or intimidate others, whether or not such display or discharge occurred, then the defendant has violated the statute which prohibits the use of a firearm or in [sic] relation to a drug trafficking crime, Title 18, United States Code Section 924(c).
 
 
 6
 This instruction was deficient because it failed to require the jury to find "active employment" to support a conviction under the use prong of section 924(c) as mandated by the Supreme Court in Bailey v. United States, --- U.S. ----, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). This deficiency in the instruction would not require reversal, however, if the jury necessarily found that Price actively employed the gun in violation of section 924(c). United States v. Lopez, 100 F.3d 98, 103 (9th Cir.1996). The jury did not necessarily make this finding.
 
 
 7
 The jury was instructed on the definition of "possession" with regard to the drug offenses. The convictions on counts one, two, and three indicate the jury necessarily found that Price was in possession and control of the drugs. However, based on the erroneous jury instruction relating to the section 924(c) charge, the jury could have inferred similar possession and control of the gun found near those drugs. The jury could have inferred that the gun thus "emboldened" Price in the commission of the crime. Because such a scenario is consistent with Price's conviction under the court's instruction, but does not necessarily establish the jury's finding of active employment of the gun as required by Bailey in a "use" prosecution, we reverse Price's conviction for violating 18 U.S.C. § 924(c).
 
 II. Sentencing
 A. Statement of Reasons
 
 8
 The sentencing court is required to make a statement of reasons for imposing a particular sentence within a guideline range when that range exceeds 24 months. 18 U.S.C. § 3553(c). Price argues the district court's adoption of the presentence report did not sufficiently state the court's reasons for the particular sentence imposed. We disagree.
 
 
 9
 The district judge adequately explained his reasons for the sentence he gave within the guideline range. It was plain from his remarks in the context of the arguments preceding them that the judge accepted the prosecutor's argument for "the top end of the guideline ... based upon the homicide committed in 1992."
 
 B. Uncharged Juvenile Offenses
 
 10
 Price contends the district court improperly considered uncharged juvenile offenses when it imposed his sentence. This argument also lacks merit. By statute,
 
 
 11
 [n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.
 
 
 12
 18 U.S.C. § 3661.
 
 
 13
 The Supreme Court has held, "[A]s a general proposition, a sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." Nichols v. United States, 511 U.S. 738, 747, 114 S.Ct. 1921, 1927-28, 128 L.Ed.2d 745 (1994) (internal quotations omitted).
 
 
 14
 Moreover, Guidelines section 4A1.3 which lists relevant considerations for departing from the guidelines, states the factors listed to consider, "may include, but [are] not limited to ... (e) prior similar adult criminal conduct not resulting in a criminal conviction." USSG § 4A1.3 (emphasis added). The commentary to this section necessarily anticipates consideration of evidence relating to uncharged juvenile offenses where it suggests that a defendant's criminal history category may not be representative of his criminal history; "[t]his may be particularly true in the case of younger defendants (e.g., defendants in their early twenties or younger.)" Id., comment.
 
 
 15
 Because the uncharged juvenile offenses concerned Price's background, character and conduct, the district court did not err in considering such evidence when it sentenced Price.
 
 III. 100:1 Sentencing Ratio for Cocaine Base
 
 16
 Price argues that the 100:1 sentencing ratio for cocaine base convictions as opposed to convictions for cocaine HCL is a violation of the Due Process clause. We rejected this same argument in United States v. Jackson, 84 F.3d 1154 (9th Cir.1996), and we do so here.
 
 IV. Conclusion
 
 17
 The district court did not err in sentencing Price, except for the five-year term it added to his sentence for the violation of 18 U.S.C. § 924(c). We reverse the section 924(c) conviction. In view of this reversal, Price's sentence is vacated, and his case is remanded to the district court with instructions to resentence him without imposing the five-year term for a violation of section 924(c).
 
 
 18
 AFFIRMED in part; REVERSED in part; and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3