110 F.3d 72
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo Angelo WHITE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Demetrius Carlos THOMPSON, Defendant-Appellant.
 Nos. 95-10533, 96-10049.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1997.
Decided March 31, 1997.
As Amended May 22, 1997.
 
 1
 Before: CHOY, BRUNETTI, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Ricardo Angelo White and Demetrius Carlos Thompson appeal their convictions for conspiracy to commit armed robbery, armed robbery, and use or carrying of a firearm during and in relation to a crime of violence. We affirm in part and reverse in part with respect to White, and we affirm with respect to Thompson.[1]
 
 1. White:
 
 4
 (a) We reverse and remand White's conviction for use or carrying of a firearm in relation to a crime of violence under 18 U.S.C. § 924(c). The district court's jury instruction covered only the "use" part of § 924(c). However, the evidence presented at trial was insufficient to support conviction of White for "use" of a firearm on the basis of his acts. See Bailey v. United States, --- U.S. ----, ----, 116 S.Ct. 501, 508, 133 L.Ed.2d 472 (1995); cf. United States v. Washington, No. 96-10106, slip op. 1493, 1495-97 (9th Cir. Feb. 18, 1997). The evidence presented at trial could have supported conviction of White for "use" of a firearm on an aider and abettor or co-conspirator theory of liability. See 18 U.S.C. § 2(a) (aider and abettor liability); Pinkerton v. United States, 328 U.S. 640, 647-48, 66 S.Ct. 1180, 1184, 90 L.Ed.2d 1489 (1946) (co-conspirator liability). In addition, the evidence could have supported a conviction of White for "carrying" a firearm in connection with the bank robbery. See United States v. Staples, 85 F.3d 461, 464 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 318, 136 L.Ed.2d 233 (1996); see also United States v. Hernandez, 80 F.3d 1253, 1257-58 (9th Cir.1996). However, the district court never instructed the jury on any of those theories.[2] Thus, we reverse White's 924(c) conviction.
 
 
 5
 (b) The district court's decision to admit the testimony of Officer Murray warrants neither reversal of White's armed bank robbery and conspiracy convictions nor reversal of the denial of his motion for a new trial. Although the government did not identify Murray as a witness until after the trial had begun, White can prevail on appeal only if he can demonstrate that Murray's testimony resulted in unfair prejudice to substantial rights. See United States v. Baker, 10 F.3d 1374, 1398, 1399-1400 (9th Cir.1993); United States v. Mares, 940 F.2d 455, 463-64 (9th Cir.1991); United States v. Portillo, 633 F.2d 1313, 1324 (9th Cir.1980). White's counsel conceded at trial that, despite the late notice, he had sufficient time to prepare for Murray's testimony. Cf. Baker, 10 F.3d at 1400. Having made that concession, White cannot now claim that admission of the testimony resulted in unfair prejudice. See Pye v. Mitchell, 574 F.2d 476, 480 (9th Cir.1978). We therefore affirm White's conviction for armed bank robbery and conspiracy to commit armed bank robbery.
 
 
 6
 (c) The government has informed us that it will not re-prosecute White for the alleged offense under 18 U.S.C. 924(c). Thus, we do not remand that issue for retrial. Cf. United States v. Dinkane, 17 F.3d 1192, 1195-96 (9th Cir.1994). Rather, we vacate White's sentence in its entirety and remand to the district court for resentencing on his armed robbery and conspiracy convictions. See United States v. Handa, No. 96-16468, slip op. 3357 (9th Cir. Mar. 26, 1997); United States v. Lopez, 100 F.3d 98, 102 (9th Cir.1996)."
 
 2. Thompson:
 
 7
 We affirm Thompson's convictions on all counts.
 
 
 8
 (a) The district court did not err when it denied Thompson's motion to suppress statements made and evidence obtained at the time of his arrest. Officer Monge had probable cause to arrest Thompson. See United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989); United States v. Pinion, 800 F.2d 976, 978-80 (9th Cir.1986). In addition, Thompson did not contest sufficient factual issues to warrant an evidentiary hearing on the motion to suppress because the determination of the contested facts would not have affected the probable cause alchemy. See United States v. Walczak, 783 F.2d 852, 857 (9th Cir.1986); United States v. Licavoli, 604 F.2d 613, 621 (9th Cir.1979).
 
 
 9
 (b) We need not decide whether the district court erred when Monge testified to the hearsay statements of Toni Perez. Because Thompson did not ultimately object to that testimony, the plain error standard of review applies on appeal. See United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir.1993). Under that standard, the error must have been obvious, affected substantial rights, and led to a miscarriage of justice. See United States v. Olano, 507 U.S. 725, 732-37, 113 S.Ct. 1770, 1176-79, 123 L.Ed.2d 508 (1993). Because the district court provided an express limiting instruction,[3] and there was substantial evidence of Thompson's guilt, he would not be able to establish a miscarriage of justice, even if the admission of Monge's testimony were deemed erroneous.
 
 
 10
 (c) The district court did not err when it denied Thompson's motion for a new trial, which was made on the ground that at trial he was unable to locate a witness who allegedly could have provided exculpatory testimony. The evidence was not newly discovered. Moreover, Thompson's failure to inform the district court during the trial of his inability to locate that witness constituted an inexcusable lack of diligence. See United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991).[4]
 
 
 11
 AFFIRMED in part and REVERSED in part, and sentence VACATED and REMANDED as to White. AFFIRMED as to Thompson.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thompson also appeals his sentence. We address that claim in an opinion filed this date
 
 
 [2]
 This case was tried before Bailey was decided. At argument the government, with great candor, explained that it was actually tried on the pre-Bailey theory that White personally used a gun
 
 
 [3]
 The jury was told that it could not consider the statements for the truth of the matter asserted. See Tennessee v. Street, 471 U.S. 409, 413-14, 105 S.Ct. 2078, 2081-82, 85 L.Ed.2d 425 (1985); United States v. Kirk, 844 F.2d 660, 663 (9th Cir.1988)
 
 
 [4]
 To the extent that Thompson asks us to decide whether his counsel was ineffective, we decline. See United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991). We also reject Thompson's claim that 18 U.S.C. § 924(c) is unconstitutional. See Staples, 85 F.3d at 463