125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Diane Louis PITTS, Defendant-Appellant.
 No. 96-56181.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the Central District of California, Edward Rafeedie, District Judge, Presiding; Nos. CV-95-02740-ER and CR-92-00902-ER.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Diane Louise Pitts, a federal prisoner, appeals the district court's denial of her 28 U.S.C. § 2255 motion challenging her conviction for conspiracy and possession of cocaine with intent to distribute and for using or carrying a firearm in relation to a drug trafficking crime. We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C § 2255, and we affirm.
 
 I. 18 U.S.C. § 924(c)
 A. Sufficiency of the Evidence
 
 3
 Pitts contends that the evidence was insufficient to support her conviction under 18 U.S.C. § 924(c), in light of Bailey v. United States, 116 S.Ct. 501 (1995), because she did not use or carry a firearm during and in relation to a crime.
 
 
 4
 A review of the record discloses evidence which, when viewed in the light most favorable to the prosecution, is sufficient to support Pitts' conviction for carrying a firearm during and in relation to a drug trafficking crime. See United States v. Hernandez, 80 F.3d 1253, 1257 (9th Cir.1996). Because there is sufficient evidence to support a conviction under the "carry" prong of 18 U.S.C. § 924(c), there is no need to reach the "use" prong. See United States v. Lopez, 100 F.3d 98, 101 n. 5 (9th Cir.1996), amended, (9th Dec. 10, 1996), cert. denied, 117 S.Ct. 1824 (1997).
 
 
 5
 Here, the government introduced evidence that, at the time of Pitts' arrest, the police discovered a loaded handgun in Pitts' purse. Other evidence, showed that Pitts carried the purse containing the gun while she delivered the drugs to her co-defendant's car. Although, Pitts told the police that the gun was hers and she never went anywhere without it, the evidence is sufficient to prove beyond a reasonable doubt that Pitts transported the gun about her person, and that it was immediately available for use during and in relation to the drug transaction. See Lopez, 100 F.3d at 101 n. 5; see Hernandez, 80 F.3d at 1258. Accordingly, the district court properly denied Pitts' challenge to the sufficiency of the evidence.
 
 B. Erroneous Jury Instruction
 
 6
 Pitts also contends that the jury instruction defining the term "use or carry" was erroneous. We review de novo whether a jury instruction misstated the elements of a crime. See United States v. Loaiza-Diaz, 96 F.3d 1335, 1336-37 (9th Cir.1996).
 
 
 7
 Although the jury instruction erroneously defined "use," we conclude that the error was harmless. Given the undisputed evidence that Pitts carried the handbag containing the firearm during the drug transaction, no rational jury could have found that the gun was not available to Pitts without necessarily finding that she at least "carried" the gun during the drug transaction. See Lopez, 100 F.3d at 103-05 (determining that although jury instructions misdescribed the "use or carry" element, error was harmless because the jury necessarily found the misdescribed element). Accordingly, the district court properly denied Pitts' challenge to the jury instruction.
 
 II. Ineffective Assistance of Counsel
 
 8
 Pitts contends that she received ineffective assistance of counsel at trial, at sentencing, and on appeal. These contentions lack merit.
 
 
 9
 In order to establish a valid claim of ineffective assistance of counsel, a defendant must show that counsel made errors that a reasonably competent and diligent attorney would not make, and that those errors prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.1989). We may dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, without examining the performance prong. See id. at 697; see also Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (appellate counsel not ineffective for failing to raise weak issues).
 
 
 10
 Pitts first contends that she was denied her constitutional right to testify. This argument is precluded by United States v. Nohara, 3 F.3d 1239, 1243-44 (9th Cir.1993) (holding that when a defendant is silent in the face of his attorney's decision not to call him as a witness, he has waived his right to testify).
 
 
 11
 Pitts next contends that her counsel was ineffective for failing to object to the factual inaccuracies in her Presentence Report ("PSR"). However, Pitts has failed to demonstrate where in the record the sentencing court relied on the challenged information to enhance her sentence. See United States v. Jones, 783 F.2d 1477, 1482 (9th Cir.1986). At sentencing, the district court stated that its findings were based on the evidence at trial, and sentenced Pitts accordingly. Thus, Pitts was not prejudiced by her counsel's failure to challenge the alleged inaccuracies. See Strickland, 466 U.S. at 687; Jones, 783 F.2d at 1482.
 
 
 12
 Pitts also argues that counsel was ineffective for failing to object to the drug quantities relied upon by the district court at sentencing. Besides being convicted of conspiring to possess the one kilogram of cocaine, Pitts was also convicted for the outright possession of that amount. Pitts was therefore personally responsible for the one kilogram and no separate determination regarding foreseeability was required. See United States v. Mesa-Farias, 53 F.3d 258, 260 (9th Cir.1995). Accordingly, Pitts has failed to show prejudice by her attorney's failure to raise this sentencing issue. See id.; Strickland, 466 U.S. at 697; Miller, 882 F.2d at 1434.
 
 
 13
 Pitts next argues that appellate counsel was ineffective for failing to challenge the district court's denial of a minor participant reduction. Because Pitts failed to raise this claim in her section 2255 motion, it is waived. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990) (issues not raised in section 2255 motion may not be raised for the first time on appeal).
 
 
 14
 Pitts further contends that appellate counsel was ineffective for failing to raise the district court's violation of Federal Rule of Criminal Procedure 32.
 
 
 15
 Rule 32 provides in pertinent that if a defendant alleges any factual inaccuracies in a presentence report, "the court shall, as to which matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.
 
 
 16
 Because Pitts concedes that she reviewed the PSR prior to sentencing, and fails to show where the district court relied upon any of the disputed facts in imposing sentence, she cannot show prejudice. See Strickland, 466 U.S. at 697.
 
 III. Evidentiary Hearing
 
 17
 Because Pitts has not shown that she is entitled to relief on any of her claims, there was no need for an evidentiary hearing. See Shah, 878 F.2d at 1158.
 
 
 18
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Pitts' request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3