127 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne Thomas WAGNER, Defendant-Appellant.
 No. 97-30076.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 27, 1997.
 
 Appeal from the United States District Court for the District of Montana Charles C. Lovell, District Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Wayne Thomas Wagner, a former federal prisoner, appeals pro se the district court's denial in part of his 28 U.S.C. § 2255 motion challenging his 1989 conviction under 18 U.S.C. § 924(c) for using and carrying a firearm during and in relation to (1) cultivating or possessing with intent to distribute marijuana (Count I) and (2) forcibly assaulting law enforcement officers engaged in the performance of their official duties (Count II). The district court granted Wagner's motion with regard to count I, but denied it as to count II. We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Wagner contends that his conviction on Count II should be vacated because the jury instructions regarding that count were erroneous. We disagree.
 
 
 4
 To obtain a conviction under section 924(c), the government must prove: (1) the relation of the firearm to the underlying crime; and (2) that the defendant "used" or "carried" the firearm. See United States v. Harper, 33 F.3d 1143, 1149 (9th Cir.1994). The misdescription of an element is harmless if review of the facts actually found by the jury establishes that the jury necessarily found the misdescribed element. See United States v. Lopez, 100 F.3d 98, 103 (9th Cir.1996), cert. denied, 117 S.Ct. 1824 (1997).
 
 
 5
 Here, the trial court instructed the jury that Wagner must have used or carried the firearm "during and in relation to a ... crime of violence." The trial court further instructed that a weapon is used or carried in relation to a crime of violence "if its presence under his control in any manner facilitated the carrying out of the crime." The trial court properly instructed the jury on the first element of section 924(c). See United States v. Perez, 116 F.3d 840, 848 (9th Cir.1997) (noting that "[a]ll that is needed" to meet 'in relation to" requirement is that "the gun must facilitate, or have the potential for facilitating, the underlying crime"). To the extent the trial court misdescribed the element of "use" or "carry," in light of Bailey v. United States, 116 S.Ct. 501 (1995), any error was harmless. No rational jury could have found that the gun's "presence under [Wagner's] control" "facilitated the carrying out of the crime" without necessarily finding that he at least "carried" the gun during the assault. See Lopez, 100 F.3d at 104-105.
 
 
 6
 Wagner also contends that the instructions incorrectly defined the element of intent in that they permitted the jury to find him guilty of merely knowingly possessing the weapon. As a result, he alleges, the jury could have found him guilty of every element, of the crime based on solely "innocent activities." This contention lacks merit. The trial court instructed the jury that to find Wagner guilty of Count II it had to first find him guilty of the underlying intentional assault. See 18 U.S.C. § 111. The trial court further instructed the jury that Wagner must have "knowingly" used or carried the gun. The trial court's instructions with regard to intent were correct. See United States v. Barber, 594 F.2d 1242, 1244 (9th Cir.1979) (use of the term "knowingly" adequately conveys intent requirement embodied in section 924(c)).[1]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In its adjudication of Wagner's section 2255 motion, the district court appears to have made some factual misstatements regarding the offense underlying Wagner's indictment. However, because our conclusions are based on our de novo review of the trial record, any factual misstatements made by the district court during collateral review are irrelevant. See United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992) (we may affirm on any ground supported by the record)