139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jose VALENCIA PARRA, Defendant-Appellant.
 No. 97-55130.
D.C. Nos. CV-94-03983-HLH, CR-90-00811-HLH.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 23, 1998.
Submitted February 9, 1998.**
 
 Appeal from the United States District Court for the Central District of California Harry L. Hupp, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Valencia Parra appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his jury conviction and sentence for carrying a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). We review de novo. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Parra first contends that the evidence was insufficient to show that his coconspirator carried a handgun during the commission of a drug trafficking crime. This contention lacks merit.
 
 
 4
 A defendant "carries" a firearm in violation of 28 U.S.C. 924(c) if he transports it on or about his person, and has it immediately available for use. See United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996).
 
 
 5
 Here, the evidence established that Parra's coconspirator, Rodriguez-Ortiz, transported the handgun underneath the driver's seat of the car containing the cocaine. Thus, the district court did not err by finding that Rodriguez-Ortiz carried the gun on or about his person and that it was immediately available for use during the commission of a drug trafficking offense. See id.; see also United States v. Lopez, 100 F.3d 98, 104 (9th Cir.), cert. denied, 117 S.Ct. 1824 (1997) (holding that firearm found inside purse on front seat of vehicle sufficient to support conviction under carry prong of 18 U.S.C. § 924(c)).[1]
 
 
 6
 Parra next contends that he was improperly convicted under Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946) for the act his coconspirator of carrying a handgun during a drug trafficking crime. We disagree.
 
 
 7
 Under the Pinkerton doctrine, each conspirator is liable for the criminal acts of a coconspirator if: (1) the substantive offense was committed in furtherance of the conspiracy; (2) the offense fell within the scope of the unlawful project; and (3) the offense could reasonably have been foreseen to be a natural consequence of the unlawful agreement. See United States v. Fonseca-Caro, 114 F.3d 906, 907-08 (9th Cir.1997) (holding a coconspirator liable under 18 U.S.C. § 924(c)), cert. denied, --- U.S. ----, 118 S.Ct. 895, 139 L.Ed.2d 880, 1998 WL 23771 (U.S. Jan. 26, 1998) (No. 97-7191).
 
 
 8
 Here, the evidence showed that coconspirator Rodriguez-Ortiz carried the handgun under the driver's seat of the car in which he transported 100 kilograms of cocaine from a sale over which Parra had leadership responsibility. Under these facts, the jury could conclude that Parra, as the leader of the conspiracy to purchase the drugs, could have reasonably foreseen that his coconspirator would carry a firearm to protect himself or his cargo. See id.; see also United States v. Henson, 123 F.3d 1226, 1239 (9th Cir.1997) (noting that, under coconspirator liability, actual knowledge of the presence of a weapon not required in light of connection between drug sales and guns).
 
 
 9
 Accordingly, the district court did not err by denying Parra's section 2255 motion. See Sanchez, 50 F.3d at 1451-52.[2]
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court also correctly found that while the jury instruction on the definition of "carrying" a firearm misstated the law, it was harmless error in light of the evidence presented at trial. See Lopez, 100 F.3d at 104-05
 
 
 [2]
 Parra's ineffective assistance of counsel claim, which was not raised in his opening brief or before the district court, is deemed waived. See Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir.1991)