**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lazaro PEREZ–CASANOVA,**
**Defendant–Appellant.**

**No. 00–50605.**

**D.C. No. CR–00–01305–NAJ.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Dec. 18, 2001.

Before BRIGHT,* KOZINSKI, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Lazaro Perez–Casanova raises an equal protection challenge to the racial composition of the jury venire under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). He argues that because of the composition of the jury venire, the prosecutor did not need to use his peremptory challenges to strike potential jurors solely on account of their race.

■ Perez–Casanova cannot lodge his objection as a *Batson* claim because *Batson* prohibits the prosecutor's discriminatory use of peremptory challenges, which is not at issue in this case. In actuality, Perez–Casanova is challenging the composition of his petit jury under *United States v. Esquivel*, 88 F.3d 722 (9th Cir.1996). Under *Esquivel*, Perez–Casanova must first establish a prima facie case that the jury selection procedure employed resulted in substantial under-representation of his race or of the identifiable group to which he belongs. *Id.* at 725 (citing *Castaneda v. Partida*, 430 U.S. 482, 494, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977)). Perez–Casanova has not provided any evidence that Hispanics are singled out for different treatment under the laws as written or as applied.

In the Southern District of California, grand and petit juries are selected at random from registered voter lists in San Diego and Imperial Counties. This method of juror selection has been expressly approved as representing a fair cross-section of the community in the Southern District of California. *See Esquivel*, 88 F.3d at 728; *see also* S.D. Cal. Local R. Civ. 83.10. Perez–Casanova has offered no evidence that Hispanics are not well represented in San Diego and Imperial Counties' voter registration lists or that this selection procedure is susceptible to abuse. All Perez–Casanova presents to this court are counsel's rough estimations of the ethnicity of his thirty-five-person jury venire.

■ We also reject Perez–Casanova's claim that the district court erred in not instructing the jury on the element of specific intent to cause serious bodily injury. Because specific intent is not required for a conviction under 8 U.S.C. § 1324(a)(1), the jury was instructed correctly.[1] Perez–Casanova did not cite any authority to the contrary, and he did not argue this claim at oral argument.

To our knowledge, no federal court has required that a defendant specifically intend to cause serious injury to an alien to be found guilty under 8 U.S.C. §§ 1324(a)(1)(A)(i) and 1324(a)(1)(B)(iii), bringing in illegal aliens causing serious bodily injury, or 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(iii), transportation of illegal aliens causing serious bodily injury. The district court properly instructed the jury in terms of the statutory language and no further instructions were requested by the defendant.

■ With respect to Count 13, both parties agree that the court failed to instruct the jury that it had to find serious bodily injury as an element in Count 13. Because Perez–Casanova did not object to the jury instruction, we review this omission under plain error analysis. *See United States v. Barajas–Montiel*, 185 F.3d 947, 953 (9th Cir.1999).

This error is harmless because the record shows that the jury necessarily made a factual finding satisfying the missing element. *See United States v. Lopez*, 100 F.3d 98, 103 (9th Cir.1996). The jury found that Perez–Casanova caused serious bodily injury to Jose Sanchez–Ramirez through the return of a guilty verdict on Count 1. On Count 1, the jury was in-

---

1. The instruction for Count 1 read in pertinent part, "[T]he defendant caused serious bodily injury to an alien and placed in jeopardy the life of an alien."

structed that it must find Perez–Casanova caused serious bodily injury to Sanchez–Ramirez, the same alien named in Count 13.

Furthermore, Perez–Casanova conceded at oral argument that this error did not affect his sentence.

AFFIRMED.