**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Fabian CERVANTES–SANCHEZ,**
**Defendant—Appellant.**

No. 01–30377.
D.C. No. CR–00–02190–AAM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2002.

Decided Oct. 23, 2002.

Before FERGUSON, FISHER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Fabian Cervantes–Sanchez appeals his conviction for Conspiracy to Distribute a Controlled Substance and Aiding and Abetting Possession with Intent to Distribute a Controlled Substance. He alleges that a number of errors occurred at his trial. Because the jury instruction given by the district court regarding reasonable doubt was potentially misleading, we reverse and remand for retrial. We decline to address Cervantes–Sanchez's other claims since they are mooted by the relief we order here.

If given over an objection, whether a jury instruction accurately states the law is reviewed *de novo*, *United States v. Terry*, 911 F.2d 272, 278–79 (9th Cir.1990), and its effect on the verdict is reviewed for harmless error, *United States v. Lopez*, 100 F.3d 98, 103, 103 n. 10 (9th Cir.1996), *cert. denied*, 520 U.S. 1231, 117 S.Ct. 1824, 137 L.Ed.2d 1031 (1997). The instruction must be viewed as a whole. *United States v. Tham*, 960 F.2d 1391, 1399 (9th Cir. 1991).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Here, over defense counsel's objection, the jury instruction given regarding reasonable doubt stated in relevant part:

> Therefore, if you are convinced beyond a reasonable doubt that the defendant has committed each and every element of the offense charged, then it is your duty to convict. If, on the other hand, you believe the evidence in the case reasonably permits either of the two conclusions, either innocence or guilt, then it is your duty to acquit.

It is the last line quoted above that causes us concern. Even when the entire reasonable doubt instruction is viewed as a whole, this passage makes the instruction misleading as it improperly implies to the jury that it must only acquit if the evidence weighs equally for both sides, as opposed to mandating acquittal for anything less than establishing each required element by proof beyond a reasonable doubt. While it may have been intended to address the situation where the jury determines the evidence is in equipoise, it could be misinterpreted.

We cannot say that this error was harmless. This was a close case. There was no direct evidence from unimpeachable sources linking Cervantes–Sanchez to the crime. Instead, the prosecution's case largely rested on the testimony of Ciro Ortega–Salinas, who testified in exchange for a reduced sentence. Even the prosecution had to impeach Ortega–Salinas because he made inconsistent statements while testifying. We think it significant that the jury deliberated for two days, the same time period it took to try the entire case. On this record, we cannot say that the challenged jury instruction, which differed from the Ninth Circuit Model Criminal Jury Instruction 3.5, was harmless error.

Cervantes–Sanchez's conviction is therefore REVERSED and REMANDED for retrial before a properly instructed jury.