**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-31000
_____


UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

ALFRED LEWIS BROWN, also known as Goat,

                    Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

November 16, 1998

Before POLITZ, Chief Judge, and REYNALDO G. GARZA, KING, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, WIENER, BARKSDALE, EMILIO M. GARZA, DeMOSS, BENAVIDES, STEWART, PARKER, and DENNIS, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

We granted rehearing *en banc* as to count twenty-four, which alleged violation of 18 U.S.C. § 924(c)(1), to consider whether to adopt a harmless error rule in cases in which a jury convicts a defendant under an erroneous pre-*Bailey* "use" instruction.

I

Defendant, Alfred Brown, supplied drugs to the Bottoms Boys, a street gang in Shreveport, Louisiana.  Police conducted a

lengthy investigation of the gang that culminated in the arrest of Brown and thirteen other gang members.[1]  A grand jury indicted Brown on several offenses, including count twenty-four which charged Brown with using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).[2]  At trial, the district court instructed the jury on section 924(c)(1), using the then-current Fifth Circuit Pattern Jury Instruction.[3]  The court did not define "use" or

---

[1]     The facts and proceedings in the underlying case can be found in the panel opinion.  *See United States v. Wilson*, 116 F.3d 1066 (5th Cir. 1997).  We granted *en banc* review of Brown's section 924(c)(1) conviction.  Thus, we vacated only Part IX C of the panel opinion by our grant of rehearing *en banc*.  *See* 5TH CIR. R. 41.3. The panel opinion as to Brown's other convictions and the convictions of all other defendants-appellants remains unaffected.

[2]     18 U.S.C. § 924(c)(1) provides, in relevant part: "Whoever, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime, be sentenced to imprisonment for five years . . . ."

[3]     Except for minor grammatical differences, the district court's instruction was the same as the old Fifth Circuit Pattern Jury Instruction.  *See* Record, v. 44 at 113-14.  The Fifth Circuit Pattern Jury Instruction (Criminal Cases), No. 2.45 (West 1990) provided:

> Title 18, United States Code, Section 924(c)(1), makes it a crime for anyone to use or carry a firearm during and in relation to a drug trafficking crime.
> For you to find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:
> *First*:  That the defendant committed the crime allege in Count __.  I instruct you that ___ is a drug trafficking crime;  and
> *Second:*  That the defendant knowingly used or carried a firearm during and in relation to the defendant's commission of the crime alleged in Count __.

"carry" except to instruct that the government need not prove that Brown "actually fired the weapon or brandished it at someone in order to prove use. . . ." Brown did not object to the instruction. The jury convicted Brown, and he appealed.

On appeal, Brown argued that under *Bailey v. United States*, __ U.S. __, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995), he had not actively used the firearm, that the court's instruction on "use" was erroneous, and thus, we could not sustain his conviction. At oral argument, the government acknowledged that the jury instructions included elements of passive "use," invalidated by *Bailey*. It argued, however, that the facts supported a conviction for "carrying," and that the jury could not have convicted Brown for "use" without also finding that he had "carried" the firearm.

In our panel opinion, we agreed that "the jury could not have improperly convicted Brown for a 'use' that would not also

---

The government is not required to prove that the defendant actually fired the weapon or brandished it at someone in order to prove "use," as that term is used in this instruction. However, you must be convinced beyond a reasonable doubt that the firearm played a role in or facilitated the commission of a drug offense. In other words, you must find that the firearm was an integral part of the drug offense charged.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any weapon, or any firearm muffler or firearm silencer, or destructive device.

support a proper conviction for carrying a weapon." *United States v. Wilson*, 116 F.3d 1066, 1090 (5th Cir. 1997). Thus, we found the erroneous "use" instruction harmless. We noted that reversal made "little sense," but we believed ourselves constrained by *United States v. Fike*, 82 F.3d 1315 (5th Cir. 1996), and *United States v. Brown*, 102 F.3d 1390 (5th Cir. 1996). These two cases established a *per se* rule requiring remand for a new trial on the issue of "carrying," whenever a district court instructs the jury under the expansive, pre-*Bailey* definition of "use."[4] Accordingly, we vacated Brown's conviction and remanded

---

[4]     We are the only circuit that has required remand in cases in which a jury convicts the defendant under an erroneous pre-Bailey "use" instruction. Other circuits apply some form of a harmless error analysis. *See United States v. Pimentel*, 83 F.3d 55, 60 (2d Cir. 1996)(concluding remand not required if jury's verdict is the "functional equivalent" of a finding of "carrying"); *United States v. Price*, 76 F.3d 526, 529 (3d Cir. 1996)(concluding remand not required because "it is highly probable that the error did not contribute to the judgment of the jury"); *United States v. Chen*, 131 F.3d 375, 385 (4th Cir. 1997)(equally divided court)(Williams, J., concurring)(stating that "district court's instruction on nonessential element of the offense is subject to harmless error analysis"); *United States v. Golden*, 102 F.3d 936 (7th Cir. 1996)(applying a three-factor harmless error test to flawed jury instructions); *United States v. Beasely*, 102 F.3d 1440, 1452 (8th Cir. 1996)(applying plain error analysis to flawed jury instructions); *United States v. Lopez*, 100 F.3d 98, 103 (9th Cir. 1996)(concluding that "we must apply harmless error review to the 'carrying' prong on these facts"); *United States v. Holland*, 116 F.3d 1353, 1357 (10th Cir. 1997)(concluding that, despite the erroneous instruction, the jury "found the elements necessary to sustain a conviction for 'carrying'"); *United States v. Farris*, 77 F.3d 391, 395 (11th Cir. 1996)(affirming conviction notwithstanding erroneous instruction, because "rational trier of fact could have found the defendant guilty beyond a reasonable doubt").

for a new trial on the "carrying" prong of section 924(c)(1)
alone.  The government moved for rehearing, and we granted *en
banc* review and vacated our panel opinion with respect to Brown's
conviction on count twenty-four only.

II

Two recent Supreme Court decisions inform our interpretation
of section 924(c)(1):  *Bailey v. United States*, __ U.S. __, 116
S. Ct. 501, 133 L. Ed. 2d 472 (1995), and *Muscarello v. United
States*, __ U.S. __, 118 S. Ct. 1911, 141 L. Ed. 2d 111 (1998).
In *Bailey*, the Supreme Court held that section 924(c)(1) requires
evidence sufficient to show active employment of a firearm by the
defendant, and not mere possession or intended use.  *See Bailey*,
__ at __, 116 S. Ct. at 505-09.  The Court noted also that
Congress intended the terms "use" and "carry" to have
"particular, nonsuperfluous meaning."  *Id*. at __, 116 S. Ct. at
507.  Thus, according to the Court:

> a firearm can be used without being carried, *e.g.*, when
> an offender has a gun on display during a transaction,
> or barters with a firearm without handling it;  and a
> firearm can be carried without being used, *e.g.*, when
> an offender keeps a gun hidden in his clothing
> throughout a drug transaction.

*Id.*  The Court in *Bailey* did not define "carrying" for purposes
of section 924(c)(1), but clarified the definition in *Muscarello.*
In *Muscarello*, the Court held that the phrase "carries a firearm"
encompasses more than the mere carrying of a firearm on one's

-5-

person.  According to the Court, the phrase also "applies to a person who knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies."  *Muscarello,* __ at __, 118 S. Ct. at 1913-14.[5]

The facts found by the jury fit squarely within *Muscarello*'s definition of "carries a firearm."  On the day of Brown's arrest, the police set up surveillance in an area of Shreveport controlled by the Bottoms Boys.  They observed Brown make hand-to-hand exchanges with other people, and open his car's trunk on several occasions.  When police officers stopped Brown, they observed a gun in the front seat of his car.  The officers then searched the car and discovered two bags of cocaine concealed near the gun's location.  A search of the car's trunk recovered another firearm and approximately two thousand dollars in cash.[6]

_____

[5]    *See* Fifth Circuit Pattern Jury Instruction (Criminal Cases), No. 2.49 (West 1997)("To prove the defendant 'carried' a firearm, the government must prove that the defendant carried the firearm in the ordinary sense of the word 'carry,' such as by transporting a firearm on the person or in a vehicle.  The defendant's carrying of the firearm cannot be merely coincidental or unrelated to the drug trafficking crime.").

[6]    These facts were the only evidence before the jury on which it could have convicted Brown on count twenty-four.  Significantly, the record does not reflect multiple episodes in which Brown "used or carried" a firearm in relation to a drug offense.  *See, e.g., United States v. Golden*, 102 F.3d 936 (7th Cir. 1996)(in context of multiple episodes, finding erroneous "use" instruction not harmless because court could not "tell whether the jury verdict rested on an erroneous understanding of 'use'" or on the jury's belief that the defendants carried the firearm).

-6-

Nonetheless, in light of *Bailey*, the panel held correctly that the district court instructed the jury erroneously as to "use." Under our prior precedent, this finding would require us to remand. We now must decide whether that error was harmless, that is, notwithstanding the erroneous "use" instruction, whether the jury found beyond a reasonable doubt the facts necessary to support a conviction for "carrying." *See Carella v. California*, 491 U.S. 263, 271, 109 S. Ct. 2419, 2423-24, 105 L. Ed. 2d 218 (1989)(Scalia, J., concurring).[7]

We find that the jury necessarily found Brown "carried" a firearm as defined in *Muscarello*. To convict Brown, the jury had to find only that Brown "knowingly used or carried a firearm," and that the firearm "was an integral part of the drug offense charged." The jury instructions encompassed *Muscarello*'s definition of "carrying." Thus, in concluding that Brown "used" a firearm, pursuant to the pre-*Bailey* "use" instruction, the jury *necessarily* found that Brown "carried" the firearm. *See United States v. Lopez*, 100 F.3d 98, 104 (9th Cir. 1996)(noting that "no

---

[7] As Justice Scalia stated:
When the . . . facts necessarily found by the jury[] are so closely related to the ultimate fact to be presumed that no rational jury could find those facts without also finding that ultimate fact, making those findings is *functionally equivalent* to finding the element required to be presumed. The error is harmless because it is "beyond a reasonable doubt" that the jury found the facts necessary to support the conviction.
*Carella v. California*, 491 U.S. at 271, 109 S. Ct. at 2423-24 (Scalia, J., concurring)(emphasis added).

-7-

rational jury could have found that the pistol was 'in the defendants' possession or under their control' without also necessarily finding that either [defendant] 'carried' the firearm"). In other words, on the facts of this case, the jury's finding of passive "use" amounted to a finding of "carrying." *See Carella,* 491 U.S. at 271, 109 S. Ct at 2423-24 (Scalia, J., concurring). We hold, therefore, that the erroneous "use" instruction was harmless.

## III

Brown's conviction on count twenty-four is, therefore, AFFIRMED.[8]

---

[8] To the extent that our decision today is inconsistent with our decisions in *Fike* and *Brown*, those decisions are overruled.