**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-41554**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOSE SOTO ZAMARRIPA,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(No. C-98-CR-192-1)**

**July 20, 1999**

Before WIENER, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Soto Zamarripa appeals his conviction and sentence for being a felon in possession of a firearm, asserting that: the district court erred in ruling that he voluntarily consented to the search of his house and in concomitantly denying his motion to suppress; he should have received a three-level, as opposed to only a two-level, reduction for acceptance of responsibility; and the court did not adequately give him the right of allocution at sentencing, as required under FED. R. CRIM. P. 32(c)(3)(C).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

Concerning the voluntariness of a consent to search, we review this factual finding for clear error. Pursuant to our review, we find no such error. *See United States v. Tompkins*, 130 F.3d 117, 121 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 1335 (1998). Zamarripa could have voluntarily consented even though he may not have know that he had the right to refuse permission for the search. *See United States v. Watson*, 423 U.S. 411, 424-25 (1976); *United States v. Brown*, 102 F.3d 1390, 1397 (5th Cir. 1996), *overruled on other grounds*, *United States v. Brown*, 161 F.3d 256 (5th Cir. 1998)(en banc).

Regarding the district court not reducing the reduction for acceptance of responsibility by another level, pursuant to U.S.S.G. § 3E1.1(b), Zamarripa maintains that such a reduction was appropriate because he waived his right to a jury trial and stipulated the facts. On the other hand, he did not plead guilty, moved to suppress the weapons found during the search of his home, and retained his right to appeal. Under these circumstances, Zamarrripa did not satisfy the requirements of § 3E1.1(b)(1); the district court did not err in denying the three-level reduction. *See* U.S.S.G. § 3E1.1(b); *see also United States v. Garcia*, 135 F.3d 951, 957 n.7 (5th Cir.), *cert. denied*, 118 S. Ct. 2386 (1998); *United States v. Leonard*, 61 F.3d 1181, 1187 (5th Cir. 1995)("§

3E1.1(b) makes it clear that the defendant must timely notify the government of an intention to plead guilty, not of an intention to seek a bench trial or to stipulate to certain facts"); *United States v. Maldonado*, 42 F.3d 906, 913-14 (5th Cir. 1995).

Finally, the sentencing hearing record reveals that Zamarripa was given an opportunity to address the district court before sentence was imposed; there was no Rule 32(c)(3)(C) violation. *See United States v. Washington*, 44 F.3d 1271, 1276-77 (5th Cir. 1995).

*AFFIRMED*