**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 94-60781**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**MICHAEL G. ROBERTS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**(3:92CR92WS)**

_____

August 13, 1999

Before KING, Chief Judge, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Chiefly at issue in Michael Roberts' appeal of his drug trafficking conspiracy conviction is whether the failure to give entrapment and compensated-witness instructions was plain error. We **AFFIRM.**

I.

In 1992, an FBI confidential informant, Chancey, heard from a third man that Bradfield wanted to engage in drug trafficking.

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chancey contacted the FBI, agreeing to set up a transaction and cooperate, in exchange for a share of the money recovered. After extensive discussions with Bradfield and several abortive attempts, Chancey arranged in June 1992 to sell Bradfield four kilograms of cocaine for $50,000 at a motel/restaurant in Ridgeland, Mississippi.

Chancey met Bradfield and four others at the restaurant. In the restroom, Bradfield told Chancey (recorded) that some of the money was at the restaurant and some elsewhere. Chancey went back to his motel room; the others left in various vehicles.

At a service station a few miles north of the restaurant, an FBI Agent observed a Buick stopped beside a pickup belonging to one of the participants from the restaurant. The pickup drove behind the station's convenience store; one of the men in the Buick left it and entered the pickup. The Buick then left the service station, heading south toward the motel/restaurant. The driver of the pickup parked, entered another pickup belonging to a different participant from the restaurant, and also left. According to the observing Agents, the people in the vehicles did not purchase gasoline and appeared to be checking for the presence of police officers.

Meanwhile, Bradfield visited Chancey's motel room. Bradfield referred (videotaped) to "the man downstairs with the money". The Buick was parked outside, with Roberts in the front passenger seat.

Bradfield and Chancey entered the Buick. According to Chancey, Roberts showed him one sack of money and Bradfield another.

After Chancey returned to his room, supposedly to obtain the drugs, Bradfield and Roberts were arrested. Roberts attempted to escape but was apprehended near the Buick. He had approximately $1,000 in cash in his pocket; approximately $20,000 and a loaded gun were on the Buick front-seat passenger-side floorboard in a plastic bag, the gun sticking out of the bag; and approximately $29,000 was in a paper bag in the back seat.

The Government paid Chancey $12,500, a quarter of the money confiscated. (The jury was told of this compensation.)

Roberts, Bradfield, and two others were indicted under 21 U.S.C. § 846 for conspiracy to possess cocaine with intent to distribute; Roberts was also indicted under 18 U.S.C. § 924(c) for using or carrying a firearm during a drug offense. A jury convicted all four defendants in July 1994. Roberts was sentenced, *inter alia*, to 14 years in prison.

## II.

Disposition of this appeal has been delayed greatly by new counsel having to be appointed on three occasions and by resolution of **United States v. Brown**, 161 F.3d 256 (5th Cir. 1998) (en banc), discussed in note 2, *infra*.

Four issues were presented; only three remain.[2]  None of the remaining issues was raised in district court.

A.

Roberts contends that the district court should have instructed the jury on the suspect credibility of a compensated witness.  Because Roberts did *not* request the instruction, we review only for plain error, which to even be considered for reversal must (1) be error, (2) be clear or obvious, and (3) affect substantial rights; even then, we will reverse only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *E.g., **United States v. Olano***, 507 U.S. 725, 732-36 (1993); ***United States v. Calverley***, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

***United States v. Cervantes-Pacheco***, 826 F.2d 310, 316 (5th Cir. 1987) (en banc), reversed our court's previous categorical exclusion of compensated-witness testimony, but required that "the trial court should give a careful instruction to the jury pointing out the suspect credibility of a fact witness who has been compensated for his testimony".  The Government concedes such an

---

[2]Roberts has withdrawn his challenge to his 18 U.S.C. § 924(c) conviction for using or carrying a weapon during a drug crime, in the light of ***United States v. Brown***, 161 F.3d 256, 259 (5th Cir. 1998) (en banc) (harmless error in § 924(c) case when jury finding erroneously-defined "use" necessarily found "carrying").

All outstanding motions are ***DENIED***.

- 4 -

instruction should have accompanied Chancey's testimony, but maintains that his testimony did not prejudice Roberts.

Roberts relies on *United States v. Bradfield*, 103 F.3d 1207 (5th Cir.), *superseded*, 113 F.3d 515 (5th Cir. 1997), which initially reversed co-defendant Bradfield's conviction on *Cervantes-Pacheco* (including holding that, if need be, trial court must *sua sponte* give the instruction, 103 F.3d at 1218) and entrapment grounds. The revised opinion relies solely on entrapment. 113 F.3d at 524. Roberts' brief was filed before the withdrawal of the first opinion.

Of course, a superseded opinion is no longer binding. Moreover, Chancey's testimony against Roberts was far less significant than his testimony against Bradfield, or even than his testimony against co-defendant Williams, *see* 113 F.3d at 525-26, for whom neither *Bradfield* opinion required a *Cervantes-Pacheco* warning.

We find no reversible plain error. Chancey's testimony regarding Roberts was minimal and only confirmed the testimony of Agents who observed the transaction. That Chancey testified that Roberts pointed to the money is insignificant, given that Roberts was identified by Bradfield as the man with the money, had a large amount of cash in his pocket, sat in the Buick during a drug transaction with $20,000 and a loaded gun at his feet, and fled when law enforcement officers arrived.

Roberts claims that the district court should have instructed the jury on entrapment, urging our court to adopt a "derivative entrapment" theory. Again, because Roberts did *not* request the instruction, we review only for plain error.

Roberts asserts that the district court's discussion of the issue rendered any request futile. However, the district court *invited* such an objection, indicating that it would consider it if raised:

> Well, I need not pass on whether there could be a derivative argument right now, because I have not heard an argument for it. To this point, only one defendant has urged the defense of entrapment, and that was [Bradfield]. The other three defendants have not said anything at all concerning entrapment. And since they have not even sought to raise it, then I need not pass on whether they can argue entrapment on some derivative theory. At this juncture, entrapment is simply not before the Court as based on any evidence or facts presented by any other defendants.

We find no plain error. Whatever the "plethora of evidence of government inducement" of *Bradfield*, **Bradfield,** 113 F.3d at 523, Roberts presented no evidence (and the Government offered none) regarding how *Roberts* became involved in the scheme. Such a *prima facie* case is essential to an entrapment defense.

"Entrapment is an affirmative defense that requires a defendant to show he was induced to commit a criminal act by a

government agent and that he was not predisposed to commit the act without the inducement." *United States v. Pruneda-Gonzalez*, 953 F.2d 190, 197 (5th Cir. 1992). While cases such as *United States v. Anderton*, 629 F.2d 1044 (5th Cir. 1980), and *United States v. Hollingsworth*, 27 F.3d 1196 (7th Cir. 1994) (en banc), regard government use of intermediaries to induce crime as entrapment, there is simply *no* evidence that *Bradfield* induced Roberts to be involved, let alone in a way attributable to the Government. *See Anderton*, 629 F.2d at 1048 n.3 (to be entrapment, intermediary "must induce the crime"); *Hollingsworth*, 27 F.3d at 1204 (entrapment "when a private individual, himself entrapped, acts as agent or conduit for governmental efforts at entrapment", but *not* when "the first person whom the government entraps expands, embroiders, or elaborates the scheme proposed to him by the government").

## C.

Roberts charges ineffective assistance of trial counsel. However, "[w]e do not review a claim of ineffective assistance of counsel on direct appeal unless the district court has first addressed it *or* unless the record is sufficiently developed to allow us to evaluate the claim on its merits". *United States v. Villegas-Rodriguez*, 171 F.3d 224, 230 (5th Cir. 1999) (emphasis added). Neither basis applies. Therefore, we do *not* decide this

claim.  Of course, Roberts may still raise it under 28 U.S.C. §
2255.

III.

For the foregoing reasons, the judgment is

***AFFIRMED.***