United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 04-10107
Summary Calendar

————————————

UNITED STATES OF AMERICA,

                               Plaintiff-Appellee,

versus

EDWARD EARL LEATCH, also known as Low Down,

                               Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-78-3-N
---------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

     Edward Earl Leatch pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, and he was sentenced to 168 months in prison. Leatch argues that under Crawford v. Washington, ___ U.S. ___, 124 S. Ct. 1354 (2004), his Confrontation Clause right was violated during his sentencing proceeding. Crawford involved a defendant's right under the Confrontation Clause during his criminal trial. 124 S. Ct. at 1356-58. "[T]here is no

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Confrontation Clause right at sentencing." United States v. Navarro, 169 F.3d 228, 236 (5th Cir. 1999). Nothing in Crawford indicates that its holding is applicable to sentencing proceedings. Accordingly, Leatch's Crawford-based argument lacks merit.

Leatch also argues that the district court erred in determining the drug quantity attributable to him. Leatch asserts that the drug quantities sold by his co-conspirators could not have been reasonably foreseeable to him. The record shows that Leatch and his co-conspirators belonged to a gang who sold drugs openly on the street and who controlled the block where they sold drugs. The information contained in the PSR, which was unrebutted by Leatch, was corroborated by police surveillance and undercover drug buys. The district court did not clearly err in determining the drug quantity attributable to Leatch. See U.S.S.G. § 1B1.3(a)(1)(B); United States v. Peters, 283 F.3d 300, 314 (5th Cir. 2002); United States v. Wilson, 116 F.3d 1066, 1077 (5th Cir. 1997), vacated in part on other grounds sub nom. United States v. Brown, 161 F.3d 256, 256 n.1 (5th Cir. 1998) (en banc); United States v. Buchanan, 70 F.3d 818, 834 (5th Cir. 1995).

Finally, Leatch argues that the district court erred in increasing his offense level by two pursuant to U.S.S.G. § 2D1.1(b)(1) based on the finding that he possessed a firearm in connection with a drug-trafficking offense. The PSR stated that

several weapons were recovered from the area where Leatch's gang sold drugs and that all of the gang members were aware that guns were present, in and around the area where they sold drugs, as protection for the drugs and the drug proceeds. At sentencing, Leatch did not dispute that any of his co-conspirators possessed firearms in connection with their drug-trafficking activity. Nor did he dispute that there were weapons stashed nearby during the street deals or that all of the gang members knew of their presence and availability. Thus, the district court did not clearly err in increasing Leatch's offense level by two under § 2D1.1(b)(1). See United States v. Devine, 934 F.2d 1325, 1339 (5th Cir. 1991); United States v. Mir, 919 F.2d 940, 943 (5th Cir. 1990); United States v. Aguilera-Zapata, 901 F.2d 1209, 1215 (5th Cir. 1990).

AFFIRMED.