United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 03-20968
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JUAN DELGADO-GAMA,

Defendant-
Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-698-ALL
-------------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:[*]

Juan Delgado-Gama ("Delgado-Gama") appeals his conviction for illegal reentry into the

United States after having been convicted of an aggravated felony. Delgado-Gama argues that

subsection (b)(2) of 8 U.S.C. § 1326 is a sentencing provision and that the district court erred in

instructing the jury that the Government was required to prove that he had been deported after a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

conviction for an aggravated felony. He contends that he was prejudiced by the district court's erroneous jury instruction because evidence of his prior criminal history was introduced at trial. He further contends that the district court abused its discretion in admitting the testimony of a fingerprint expert at trial.

Delgado-Gama is correct that the district court erred in instructing the jury that the Government had to prove that he was deported following an aggravated felony conviction. See Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998). Nevertheless, because the evidence of Delgado-Gama's guilt was overwhelming, the erroneous jury instruction and consequently the introduction of his prior criminal history at trial, had no affect on Delgado-Gama's substantial rights. See United States v. Brown, 161 F.3d 256, 259 (5th Cir. 1998) (en banc); United States v. Arteaga-Limones, 529 F.2d 1183, 1199 (5th Cir. 1976). Additionally, Delgado-Gama has failed to show that the district court plainly erred in admitting expert testimony at trial. See United States v. Ramirez-Velasquez, 322 F.3d 868, 878-79 (5th Cir. 2003), cert. denied, 124 S. Ct. 107 (2003).

Accordingly, Delgado-Gama's conviction is AFFIRMED.