United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**May 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40616
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL SALAS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-659-ALL

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael Salas appeals the sentence imposed after he pleaded guilty to one count of possession of an unregistered firearm. He contends that his sentencing under the advisory guideline system announced in *United States v. Booker*[1] violates due process and *ex post facto* principles. Salas recognizes that the contention is foreclosed.[2] Also for purposes of further review, Salas

---

[*] Pursuant to the 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. 220 (2005).

[2] *United States v. Austin*, 432 F.3d 598 (5th Cir. 2005) (per curiam); *United States v. Scroggins*, 411 F.3d 572, 575-76 (5th Cir. 2005).

preserves his argument that, in light of *Booker*, the sentencing court should have found beyond a reasonable doubt the facts used to calculate the sentence. We, however, have previously stated that, post-*Booker*, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guideline sentence."[3]

Again recognizing precedent to the contrary, Salas contends that the sentencing court impermissibly relied on the challenged facts recited in the presentence report (PSR), even though Salas did not attempt to demonstrate the material unreliability of the facts he disputed. He urges that the government be put to its proof by a preponderance of the evidence. Post-*Booker*, the defendant retains the burden to show "that the information in the PSR relied on by the district court is materially untrue"[4] and that, absent such evidence, the district court may rely on the facts recited in the PSR.[5]

Lastly, relying primarily on *Crawford v. Washington*,[6] Salas contends that the district court denied him the right to confront witnesses at the sentencing hearing, repugnant both to the Sixth

---

[3] *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005); *United States v. Alonzo*, 435 F.3d 551, 553-54 (5th Cir. 2006).

[4] *United States v. Betancourt*, 422 F.3d 240, 248 (5th Cir. 2005).

[5] *United States v. De Jesus-Batres*, 410 F.3d 154, 164 (5th Cir. 2005).

[6] 541 U.S. 36, 68-69 (2004).

Amendment and to due process.  However, we have previously recognized that "there is no Confrontation Clause right at sentencing."[7]

AFFIRMED.

---

[7] *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999) (citing *Lindh v. Murphy*, 96 F.3d 856, 870 (7th Cir. 1996)); *United States v. Leatch*, 111 Fed. Appx. 770 (5th Cir. 2004) (recognizing that *Navarro* controls).