United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-20968
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN DELGADO-GAMA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(02-CR-698)

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The United States Supreme Court granted defendant-appellant Juan Delgado-Gama's petition

for certiorari, vacated this court's previous judgment, and remanded the case to this court for

reconsideration in light of its ruling in *United States v. Booker*, 543 U.S. 220 (2005). *Delgado-Gama*

*v. United States*, 544 U.S. 995 (2005).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PROCEDURAL HISTORY

A jury convicted Delgado-Gama of illegal re-entry in violation of 8 U.S.C. § 1326(a) & (b)(2). Delgado-Gama asserted no objections to the Presentence Report. The district court sentenced Delgado-Gama to 125 months of imprisonment and three years of supervised release. The court also ordered Delgado-Gama to pay a $100 special cost assessment. Delgado-Gama raised two issues on appeal to this court: erroneous jury instructions and improper admission of expert testimony. On December 20, 2004, we affirmed his conviction and sentence. *United States v. Delgado-Gama*, 115 F. Appx' 304 (5th Cir. 2004) (unpublished).

In his petition for writ of certiorari, filed on March 11, 2005, Delgado-Gama for the first time argued that his sentence should be reversed, or in the alternative, vacated and remanded for further consideration in light of *Booker*. The Supreme Court granted his petition for writ of certiorari, vacated our earlier judgment, and remanded the case for our reconsideration.

FURTHER CONSIDERATION IN LIGHT OF *BOOKER*

Pursuant to our instructions, the parties filed briefs on *Booker*'s affect upon the sentence imposed by the district court. Delgado-Gama acknowledges that he did not present any *Booker* challenges before the district court or this court on direct appeal. Absent extraordinary circumstances, we may not review *Booker* issues raised for the first time in a petition for certiorari. *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir. 2005). Assuming arguendo that Delgado-Gama presented *Booker* arguments before this court on direct appeal, we would review the district court's judgment for plain error. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). To demonstrate plain error, a party must establish: (1) an error; (2) that was clear and obvious; and (3) said error affected the substantial rights of the defendant. *Id.* If the foregoing

2

elements are satisfied, a reviewing court may then use its discretion to find plain error only if: (4) the error seriously affected "the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

The imposition of a sentence under a mandatory application of the Guidelines, even without a Sixth Amendment violation, is plain error. *United States v. Valenzuela-Quevedo*, 407 F.3d 728, 733 (5th Cir.), *cert. denied*, 126 S. Ct. 267 (2005). Therefore, Delgado-Gama meets the first two prongs of the plain error test. To satisfy the third prong, we must determine "whether [Delgado-Gama] demonstrated that the sentencing judge-sentencing under an advisory scheme rather than a mandatory one-would have reached a significantly different result." *Mares*, 402 F.3d at 521. The district court made no indication that Delgado-Gama would have received "a lesser sentence if it [the court] was not bound by the Guidelines." *United States v. Garcia-Rodriguez*, 415 F.3d 452, 456 (5th Cir.), *cert. denied*, 126 S. Ct. 641 (2005). He faced a maximum twenty-year term of imprisonment and was subsequently sentenced to 125 months, which falls within the maximum allowed under the applicable Guideline range. Moreover, Delgado-Gama actually filed a Notice of No Objections to the PSR scoring calculation.

Because Delgado-Gama fails to show plain-error, he also fails to meet "the much more demanding standard for extraordinary circumstances" necessary to review an issue raised for the first time in a petition for certiorari. *Traylor*, 409 F.3d at 677. Delgado-Gama also argues that the *Booker* error should be deemed structural or presumptively prejudicial. Under the *Olano* test, however, the defendant bears the burden of persuasion with respect to prejudice. *Mares*, 402 F.3d at 521 (citing *United States v. Olano*, 507 U.S. 725, 731 (1993)). Furthermore, this Circuit has rejected these claims in similar contexts. *See*, *e.g.*, *United States v. Martinez-Lugo*, 411 F.3d 597, 601 (5th Cir.), *cert. denied*, 126 S. Ct. 464 (2005); *United States v. Malveaux*, 411 F.3d 558, 561

3

n.9 (5th Cir. 2005).  Accordingly, we affirm Delgado-Gama's sentence.