# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2013

Lyle W. Cayce
Clerk

No. 12-20535
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID BRUCE HARLOW, also known as Bam Bam,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-644-5

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

After a bench trial, David Bruce Harlow was found guilty under the Violent Crimes in Aid of Racketeering Activity Act (VICAR) of conspiring to commit assault resulting in serious bodily injury and committing assault resulting in serious bodily injury, both in aid of racketeering activity. The evidence at trial showed that Harlow, a member of the Aryan Brotherhood of Texas—a prison gang with members both inside and outside of prison—along

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20535

with other members of the organization viciously beat a prospective member during a meeting of the gang. The victim suffered an orbital blowout fracture, meaning that bones holding his eye in place were broken, and a fractured jaw. At the time of trial, three-and-a-half years after the attack, the victim reported that he continued to suffer from blurred vision and night blindness. The court sentenced Harlow to a 120-month prison term. He now challenges the sufficiency of the evidence supporting his conviction.

Where, as here, the defendant contends that the evidence put forward at a bench trial was insufficient to support a finding of guilt, we look to whether substantial evidence supports the finding, that is, whether there was sufficient evidence to justify the court's conclusion that the defendant is guilty beyond a reasonable doubt. *United States v. Tovar*, 719 F.3d 376, 388 (5th Cir. 2013), *cert. denied*, 2013 WL 4975342 (Oct. 15, 2013) (No. 13-6261). We review the district court's factual findings for clear error. *United States v. Wallace*, 389 F.3d 483, 485 (5th Cir. 2004).

VICAR criminalizes, among other things, committing an assault that results in serious bodily injury or conspiring to commit such an assault "for the purpose of . . . maintaining or increasing position in an enterprise engaged in racketeering activity." 18 U.S.C. § 1959(a). An enterprise includes "any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce." § 1959(b)(2). Racketeering activity encompasses, among other things, drug trafficking and counterfeiting. § 1959(b)(1); 18 U.S.C. § 1961(1); *see United States v. Wilson*, 116 F.3d 1066, 1078 (5th Cir. 1997) ("[D]rug trafficking constitutes 'racketeering activity' for the purposes of VICAR."), *vacated in part on other grounds sub nom. United States v. Brown*, 161 F.3d 256, 256 n.1 (5th Cir. 1998) (en banc).

Harlow maintains that the Government failed to prove three elements necessary to secure his conviction.  First, he contends that the Government did not establish that the assault he participated in was the cause of the victim's serious bodily injuries, asserting that the injuries could have resulted from later assaults or the victim's drug use.  Second, Harlow argues that there was insufficient evidence that he committed and conspired to commit the assault to maintain or promote his position in the Aryan Brotherhood rather than merely to avoid a similar fate.  Third, he argues that the evidence showed that individual members of the Aryan Brotherhood participated in criminal activity solely for their own benefit and thus did not establish that the organization was a racketeering enterprise.

The district court issued detailed findings of fact on each of the points that Harlow identifies.  Specifically, the court found that the victim suffered "serious bodily injuries during the ferocious attack upon him by the entire [Aryan Brotherhood] gang, including Defendant Harlow."  Although in addition to the beating suffered at the meeting, the victim was assaulted when members of the gang dropped him off in a wooded area, the court determined that this was not a separate assault but simply a continuation of the assault that began at the meeting.  The court found that Harlow knew that the victim would be violently assaulted, understood that as a member of the gang he was expected to participate in the assault, and indeed participated in the attack. It also observed that the attack at the meeting was described by one gang member as the worst he had ever seen, and another did not think that the victim would survive.

As for whether Harlow committed the assault to maintain or promote his position in the Aryan Brotherhood, the court found that Harlow was a longtime member of the gang, attended meetings and contributed money to the gang

3

regularly, and considered himself an elder in the gang.  He participated in the assault "with the shared criminal intent" of the other members "and did so to maintain his own position as a full member and respected elder" of the gang.

Lastly, the court determined that the Aryan Brotherhood was a racketeering enterprise.  The court found that the group was an association of individuals bound together by a formal constitution and bylaws that establish a hierarchy and strict chain of command.  The gang used the mail and interstate wire systems to communicate and advance its activities.  At meetings, members discussed drug trafficking, and the group had a source for obtaining methamphetamine for resale.  Members were encouraged to sell drugs if they knew of buyers and were required to contribute at least 10 percent of the proceeds from criminal activity to the gang.  The gang also produced counterfeit currency, an activity that was overseen by a leader of the gang.

A review of the trial transcripts and exhibits reveals that these findings are supported by the record and are not clearly erroneous.  *See Wallace*, 389 F.3d at 485.  To be sure, Harlow's theory of the case and interpretation of the evidence differs from the district court's perspective.  However, we will not weigh the evidence, and, viewing it in the light most favorable to the Government and deferring to the district court's reasonable inferences, as we must, we conclude that the evidence was sufficient to support the finding of guilt.  *See Tovar*, 719 F.3d at 388.

Accordingly, the district court's judgment is AFFIRMED.