# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20214
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN TOVAR BALLEZA, also known as Rosando Tobar Balleza, also known as Rosendo Tovar-Ballesa, also known as Rosendo Balleza Tovar, also known as Rosendo Tovar Balleza, also known as Rosendo Tovar-Balleza, also known as Rosando T. Balleza, also known as Rosendo Tovar, also known as Ruben Tovar-Balleza, also known as Rosendo Billesma Tovar, also known as Tosando Tobar Balleza, also known as Pedro Lezama, also known as Rosendo Towar, also known as Ruben Balleza, also known as Rosando Tobar,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-427-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ruben Tovar Balleza pleaded guilty to a single count of being unlawfully present in the United States after removal following a felony conviction. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20214

was sentenced to 27 months of imprisonment and two years of supervised release. On appeal, he contends that the rationale of *Crawford v. Washington,* 541 U.S. 36 (2004), applies to the sentencing phase of a criminal prosecution and, thus, his rights under the Confrontation Clause and Due Process Clause were violated when the district court relied on a jail disciplinary report to deny him a reduction for acceptance of responsibility.

However, Tovar Balleza moves for summary disposition of his appeal because he concedes that his arguments are foreclosed by our decisions in *United States v. Beydoun,* 469 F.3d 102, 108 (5th Cir. 2006), and *United States v. Salas,* 182 F. App'x 282, 284 & n.7 (5th Cir. 2006). He asserts that he raises these issues to preserve them for possible further review. As Tovar Balleza concedes, his arguments are foreclosed; therefore, his motion for summary disposition is GRANTED.

AFFIRMED.