# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-10636
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS GONZALEZ-GARCIA,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-217-1

————

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Jesus Gonzalez-Garcia pleaded guilty to illegal reentry after removal. He was sentenced to 30 months of imprisonment to be followed by one year of imprisonment.    Gonzalez-Garcia has filed an unopposed motion for the summary disposition of his appeal.

In his first issue, Gonzalez-Garcia contends that the district court violated his constitutional rights under the Confrontation Clause and Due

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10636

Process Clause when, in imposing his sentence, the court relied on information from the presentence report about his other criminal activity. He concedes that the issue is foreclosed by this court's decisions in *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006), and *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999). As Gonzalez-Garcia observes, his rights under the Confrontation Clause do not extend to sentencing proceedings. *See Beydoun*, 469 F.3d at 108. Moreover, we have previously rejected that the denial of the right to confront witnesses at a sentencing hearing was a due process violation. *See United States v. Salas*, 182 F. App'x 282, 284 & n.7 (5th Cir. 2006).

In his second issue, Gonzalez-Garcia argues that his sentence exceeds the correct statutory maximum sentence of two years under 8 U.S.C. § 1326(a) because the statutory enhancement scheme in § 1326(b) is unconstitutional. He also argues that his guilty plea is involuntary and was accepted in violation of Federal Rule of Criminal Procedure 11 because he was not admonished that the fact of a prior conviction is an essential element of the offense that the Government must prove to a jury beyond a reasonable doubt. Gonzalez-Garcia concedes, though, that these issues are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

Gonzalez-Garcia has raised these foreclosed issues because he seeks to preserve them for possible further review. Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.