# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40052
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

v.

VINCENT GARRETT PROVINES,

Defendant−Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-208-1

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.
PER CURIAM:*

Vincent Garrett Provines was convicted by a jury of cyberstalking in violation of 18 U.S.C. § 2261A(2)(B) and aiding and abetting in violation of 18 U.S.C. § 2. He was sentenced to 33 months of imprisonment and a two-year term of supervised release. Provines timely appealed.

In his first issue, Provines argues that there was insufficient evidence adduced at trial to support his conviction. To prove cyberstalking, the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40052

Government had to show, in pertinent part, that Provines: (1) intended to harass or intimidate his victims; (2) engaged in a course of conduct that caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to his victims; and (3) used any interactive computer service or an electronic communication service to do so.   18 U.S.C. § 2261A(2)(B). Provines does not dispute that interactive computer services and electronic communication devices were used or that the communications received by the victims here caused them substantial emotional distress.  Instead, he argues that it was his ex-wife who used his various internet accounts to harass and intimidate the victims.  Viewing the record in the light most favorable to the verdict and drawing all reasonable inferences in support of the verdict, we conclude that there was evidence that, on several occasions, Provines himself contacted the victims and communicated with them in such a way that a rational juror could have found beyond a reasonable doubt that he intended to harass or intimidate them.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Myers*, 104 F.3d 76, 78 (5th Cir. 1997).

Next, Provines argues that he was denied his Sixth Amendment right to an impartial jury.  This claim arises from the seating of a juror despite her indication that she could possibly develop feelings of sympathy or dislike that could affect her decision in a cyberstalking case.  However, the defense did not pose any questions to the juror on that point despite the opportunity to do so, and it did not object to the jury as seated.  It is unclear whether we should review this issue only to see whether there was actual bias, *see United States v. Wilson*, 116 F.3d 1066, 1086-87 (5th Cir. 1997), *vacated on other grounds by United States v. Brown*, 161 F.3d 256 (5th Cir. 1998) (en banc), or whether we should review it for plain error, *see United States v. Birdsell,* 775 F.2d 645, 651-52 (5th Cir. 1985).  We need not decide the correct standard here, however,

2

No. 19-40052

because Provines cannot prevail under either standard.  *See United States v. Khanalizadeh*, 493 F.3d 479, 483 (5th Cir. 2007).

AFFIRMED.